A. J. BURNAUGH, Appellant, v. ADRIAN WALTHER, et al., Appellees.

Reformation of instruments: EVIDENCE: SUFFICIENCY. In this action for reformation of a written contract for the exchange of properties, and to recover a balance claimed by plaintiff to be due him, the evidence is held to show that the contract as written expressed the intention of the parties, and that plaintiff's claim for a balance due was therefore properly denied.

*Appeal from Davis District Court.*—HON. FRANK W. EICHELBERGER, Judge.

MONDAY, MARCH 17, 1913.

ACTION to reform written contracts of exchange and to recover a balance claimed by the plaintiff to be due upon the exchange made.—*Affirmed.*

· *Payne & Goodson,* for appellant.

*H. C. Taylor,* for appellees.

GAYNOR, J.—It appears from the evidence in this cause that on and prior to the 23d day of February, 1910, the plaintiff herein, A. J. Burnaugh, was the owner of two hundred and forty-three acres of land in Davis county, in this state; that the defendant Adrian Walther was the owner of certain stock of goods and a certain building in the town of Pulaski, consisting of a residence and store building combined, a certain ground on which was a slaughterhouse, meat market, grocery, icehouse, barn and warehouse; that each of said parties had, prior to the 23d day of February, 1910, placed their respective properties in the hands of a certain real estate agent, to wit, one Augspurger, who acted for both parties in bringing them together and trying to effect an exchange; that after many efforts on the part of the said agent to bring the parties together, and after having brought them together on some basis of exchange, the parties appeared at the office of one J. E. Reed, for the purpose of having their agreement and contracts reduced to writing; that thereafter the following contracts were written up by the said Reed and signed by both parties, which, so far as material to this controversy, read as follows:

This agreement, made and entered into the 23d of February, 1910, between A. J. Burnaugh, county of Davis, state of Iowa, of the first part, and A. Walthers, county of Davis, state of Iowa, of the second part, witnesseth: That the said party of the first part, in consideration of the covenants and

agreements hereinafter contained, agrees to sell unto the party of the second part the following described real estate, situated in Davis county and state of Iowa, to wit, the northwest quarter ($\frac{1}{4}$) and north half of southwest quarter of section 16, Twp. 67, range 12 west, containing 243 acres, more or less, according to government survey, for the sum of nineteen thousand four hundred forty ($19,440) dollars; and the said party of the second part, in consideration of the premises, agrees to pay to the said A. J. Burnaugh the sum of twelve thousand dollars, in manner following, viz., $12,000 by property in Pulaski, the property of A. Walthers, on the execution of these presents, and the remaining sums as follows, to wit, ———— dollars, each year from the date of the execution of this contract until said balance is fully paid; and as security that said yearly payments will be made said second party agrees to deposit with said first party ———— dollars on the — day of each and every month from the date thereof until the full sum of said balance is paid, and at the end of each year the deposits so made shall be credited on said balance, less the interest then due thereon for the preceding year, at the rate of —— per cent. on all of said balance. And a failure to make said monthly deposit shall work a forfeiture of this contract. $9,440.00 on the day of execution of deed, 1910. There is an incumbrance of $5,500 upon this farm which the party of the second part assumes, with —— per cent. interest from date, payable annually on each payment; and said second party shall strictly and literally perform all and singular his agreements herein contained after their true tenor. And the said party of the first part, on receiving the full sum of $19,440.00 dollars, and interest thereon as above mentioned, agrees that he will execute and deliver to the said party of the second part, at his own proper cost and expense, a good and sufficient deed for the conveying and assuring to him, the said party of the second part, the fee simple of the said premises, free from all incumbrances, to the date of this contract, which deed shall contain a general warranty and the usual full covenants, except as stated, to the date of this contract. And it is understood that the stipulations aforesaid are to apply and bind the heirs, executors, administrators, and assigns of the respective parties, and that the party of the second part is to have immediate possession of the prem-

ises. Possession of this farm to be given on or before April first, 1910. Farm to be cared for in proper shape by first party until possession is given. First party to pay taxes now due on land. Each party binds himself to the other in the sum of five hundred dollars for the performance of this contract should they neglect or fail to fulfill the same.

This agreement, made and entered into this 23d day of February, 1910, by and between A. Walthers, of Davis county and state of Iowa, party of the first part, and A. J. Burnaugh, of Davis county and state of Iowa, party of second part, witnesseth: That, for and in consideration of the covenants and agreements hereinafter contained, the said party of the first part hereby sells and agrees to convey to the said party of the second part, or his assigns, the following described premises, situated in Davis county and state of Iowa, to wit:

Description: Lots one, two, and three in block one in original town of Pulaski, Iowa, lots six and seven on north of lots one, two or three, being the property known as the Walthers Grocery and Meat Market, and stock of goods in said grocery and meat market, and fixtures, including ice and hay, including all property on said premises, and containing in all ———— acres, more or less, at $—— per acre, aggregating $12,000.00.

Terms of payment: To be paid at the time and in the manner following: $——— on the execution and delivery of these presents, receipt of which is hereby acknowledged; the balance to be paid, as follows: $——— on or before the ——— day of 190—. $——— on or before the ——— day of 190—.

Assumption of incumbrance: Said second party agrees to assume and to pay an incumbrance, as part of purchase price, of $2,300.00 and interest, due the ——— day of ———, 190—, at ——— per cent interest, with option to pay ———.

Deed: Party of the first part agrees to execute and place a good and sufficient warranty deed, conveying title in fee simple to the above-described premises, in escrow with the ——— Bank of Pulaski and state of Iowa on or before the first day of March, 1910, to be delivered to said second party upon payment of balance of purchase price. All payments and delivery of deed to be made at said bank.

The real controversy between the parties grows out of the wording of the first contract between the parties, above set out. The plaintiff claims that the real contract between him and the defendant was for an exchange of their respective properties, without regard to the real value of each, on the basis of $9,440, to be paid by the defendant to the plaintiff as a difference, as boot money; or, in other words, that it was agreed and understood that they would exchange their several properties, and the defendant should pay to the plaintiff, as a difference between the value of plaintiff's property and defendant's property, the sum of $9,440, and that the defendant should assume and pay the mortgage of $5,500 on plaintiff's farm as a part of said balance. The defendant, however, claims that in the exchange the plaintiff agreed to put his property in at $19,440, or $80 an acre for the two hundred and forty-three acres, and that the plaintiff agreed to accept in the exchange defendant's property at $12,000, and that there was therefore a difference due the plaintiff on the exchange of $7,440, less the $5,500 mortgage on plaintiff's farm.

It appears that the defendant has paid the amount admitted by him to be due, but without prejudice to plaintiff's rights in this suit, and so the real controversy is as to whether the difference in the exchange was $9,440 or $7,440; and so plaintiff brings this action to reform the contract so as to express the agreement as he claims it to be, and to show that there was in fact due upon the exchange from the plaintiff to the defendant $9,440, less the incumbrance of $5,500 on the farm. In other words, the plaintiff alleges and claims that he and the defendant traded. or exchanged their property at an agreed difference in favor of the plaintiff of $9,440, and that the defendant agreed to pay him that amount upon the exchange, less the $5,500 mortgage on plaintiff's farm, which defendant assumed.

Defendant claims, however, that, by subtracting from the amount which plaintiff agreed to accept for his farm the

amount allowed defendant for his property; there is in fact due the plaintiff the sum of $7,440, less the mortgage aforesaid.

So the issues involve a contest over a difference of $2,000 and the construction of the contract as signed. The plaintiff claims that the contract definitely settles and clearly fixes the amount to be paid by the defendant to the plaintiff, as a difference, and that he should recover that amount without any reformation of the contract; and the defendant claims that, the contract having fixed the amount which plaintiff was to receive for his property, and also the amount which was to be allowed defendant for his property, the difference between these sums, ascertained by mere mathematical calculation, fixes the true amount which should be paid by the defendant to the plaintiff upon the exchange, less the amount of the mortgage aforesaid, and urges that the unsubtracted difference in the named considerations was of greater probative force and legal effect than the amount stated below by the scrivener as the difference to be paid by the defendant to the plaintiff, and urges that the amount so stated, to wit, the $9,440, was apparently due to an error on the part of Mr. Reed, the scrivener, in deducting the $12,000 from the $19,440.

Upon these issues and claims the cause was tried to the court, and the court found for the defendant, dismissing plaintiff's petition. The court, in its decree, found from the contracts introduced in evidence, aforesaid, that the plaintiff was to receive $19,440 for his land, and that the defendant was to receive $12,000 for the property transfered and conveyed to the plaintiff, and the said contract showed that the defendant was to pay to the plaintiff upon the exchange the sum of $7,440, less the amount of the mortgage on plaintiff's farm, as a difference in the exchange value, and that the defendant had paid this sum; and the court further found that the evidence was insufficient to justify a reformation of the written instruments evidencing the contract.

The evidence in this case is voluminous and conflicting, and no good purpose could be served by any attempt on our part to set out the evidence offered and received by the parties in support of their contention. We have read the record with some care, and are satisfied that the finding of the trial court is fully supported and sustained. The evidence of the parties to the contract, given on the trial, as to what was said and done prior to and at the time of the execution of the written instruments, hereinbefore set out, was taken before the trial court; each party, as is usually the case, testifying in support of his contention as herein made. Each party was supported, more or less, by other witnesses as to what transpired at these times, and as to conversations and admissions made subsequent thereto; and from the whole record we are impressed with the idea that these parties placed a value upon their respective property at the time of the consummation of the contracts of exchange, and that the basis of the exchange was the difference between the values so fixed by the parties, and that this difference, as shown by the written contracts, was the amount found by the trial court.

We find no error in the record, or in the action of the trial court in sustaining defendant's contention, and the cause is *Affirmed.*